CAUSE NO. _____

| | | |
|---|---|---|
| DEBORAH A. HARTWELL | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | \_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| FAY SERVICING, LLC | § | |
| Defendant. | § | COLLIN COUNTY, TEXAS |

## ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff DEBORAH A. HARTWELL ("Plaintiff"), who files this Original Petition against Fay Servicing, LLC ("Defendant" , in the interest of justice and fairness, for causes of action and violations complained of as stated herein.

### DISCOVERY CONTROL PLAN LEVEL

1. Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery in this case under Level 2. Plaintiff seeks monetary relief of $100,000 or less and non-monetary relief.

### PARTIES AND SERVICE

2. Plaintiff is an individual who resides in Allen, Collin County, Texas.

3. Defendant is a foreign entity, doing business under the laws of the State of Texas, and service of process on Defendant may be effected pursuant to Sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving its Registered

Agent, Registered Agent Solutions, Inc., 1701 Directors Blvd., Suite 300, Austin, TX 78744.

## JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this Court.

5. This Court has personal jurisdiction because the property, which is the subject of this litigation, is located in Texas and Defendant is doing business within this state.

6. Venue in this cause is proper in Collin County, Texas pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.001 of the Texas Civil Practice and Remedies Code because this action involves real property, and the property is located in Collin County, Texas.

## FACTS

7. Plaintiff is the current record owner of the property located at is 739 Wandering Way Dr., Allen, TX 75002 (the "Property").

8. Plaintiff signed a Promissory in order to purchase the Property on or about May 22, 2003 in the amount of Seventy Five Thousand and No/Dollars ($75,000.00) (the "Note").

9. The Note is secured by that certain Home Equity Loan dated of same date, executed by Plaintiff and delivered to TXL Mortgage Corporation as the Original Mortgagee ("Home Equity Loan"). The Note and Home Equity Loan collectively referred to herein as the "Loan".

10. The Loan has since been transferred, assigned or sold. Defendant is the current servicer of the Loan.

11. On or about June 6, 2016, Plaintiff submitted a loan modification package to Defendant.

12. Many months have now gone by without any response by Defendant as required by Section 1024.41 of 12 CFR, on whether Plaintiff's loan modification had been approved or denied.

13. Plaintiff requested a payoff quote so that she could sell the Property and Defendant has failed to provide her such quote thereby hindering a sale of the Property.

14. Prior to the date of this petition being filed, Defendant filed an in rem proceeding for Foreclosure of Home Equity Lien. Based on the arguments stated herein, Plaintiff now files this suit pursuant to Section 736.11 (a) of the Texas Rules of Civil Procedure. Section 736 of the Texas Civil Procedure states *"that any proceeding that is brought under Rule 736 will be automatically stayed if a respondent files a separate, original proceeding in a court of competent jurisdiction that puts in issue any matter related to the origination, servicing, or enforcement of the loan agreement, contract, or lien sought to be foreclosed prior to the foreclosure sale"*.

## AGENCY AND RESPONDEAT SUPERIOR

15. Whenever in this petition it is alleged that Defendant, did, or failed to do, any act, thing and/or omission, it is meant that Defendant itself or its agents, officers, servants, employees, vice principals, or representatives either did or failed to do such act, thing and/or omission, and it was done with the full authorization or ratification of

Defendant, and/or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, vice principals, or representatives and/or with actual and/or apparent authority of Defendant.

## VIOLATION OF 12 CFR SECTION 1024.41

16. Plaintiff incorporates by reference the allegations set forth above, as if the same were fully set forth herein.

17. Section 1024.41 of 12 CFR requires a servicer in receipt of a loss mitigation application within 45 days or more before a foreclosure sale to review the application to determine if it is complete. 12 CFR Section 1024.41(b)(2)(A). The Servicer must then notify the borrower within 5 days of receiving the loss mitigation application that the servicer acknowledges receipt of the application and that the servicer has determined that the application is either complete or incomplete. 12 CFR 1024.41(b)(2)(B). If the application is incomplete, the servicer must identify the additional documents and information needed. 12 CFR 1024.41(b)(2)(B). The Servicer must then provide the borrower within 30 days of receipt of the application with written notice stating the servicer's determination as to which loss mitigation option is available to the borrower. 12 CFR 1024.41(c)(1)(ii). Further, if the borrower had applied for a loan modification and the servicer denies the request, the servicer must include in the notice describer by 12 CFR Section 1024.41(c)(1)(ii) the specific reason or reasons for the servicer's determination. 12 CFR Section 1024.41(d). Finally loan modifications denials are appealable. 12 CFR Section 1024.41(h).

18. Plaintiff submitted a loan modification application with Defendant, which is a loss mitigation application as understood by 12 CFR Section 1024.41(b). Yet Defendant has failed to complete with 12 CFR Section 1024.41 and has specifically failed to give Plaintiff the notice required by 12 CFR Section 1024.41(c)(1)(ii). Consequently, Defendant does not have the authority to execute any foreclosure sale against Plaintiff's Property until it has satisfied the requirements of 12 CFR Section 1024.41.

19. The provisions of 12 CFR Section 1024.41 are not merely a defense to foreclosure but are actionable under 12 USC 2605(f), which in turn allows for the recovery of actual damages, court costs, statutory damages of up to $2000, and attorney fees.

### BREACH OF CONTRACT

20. Defendant and Plaintiff are parties to the Home Equity Loan. The Home Equity Loan allows Plaintiff to prepay the Loan and requires Defendant to provide a payoff quote to Plaintiff upon request. Defendant's breach of the Home Equity Loan has hindered Plaintiff from selling the Property and thereby fulfilling all obligations under the Home Equity Loan.

21. Due to Defendant's breach Plaintiff has suffered harm on her credit reports.

22. Defendant has failed to service the Loan pursuant to the Home Equity Loan.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that Defendant be cited to appear and answer herein and that upon a final trial, the Court:

a. Enter judgment in favor of Plaintiff for statutory damages and costs, as allowed by law.

b. Award Plaintiff compensatory damages as allowed by law.

c. Award Plaintiff pre-judgment and post-judgment interest as allows by law;

d. Award Plaintiff her reasonable and necessary attorney fees and costs; and

Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

D. KIMBERLI WALLACE, PLLC

*/s/ D. Kimberli Wallace*
D. Kimberli Wallace
Texas Bar No. 00792901
9500 Ray White Rd., Suite 200
Fort Worth, Texas 76244
Tel. (817) 745-4581
Fax (817) 953-7000
Email: Kwallace@kwlawfirm.net
Attorney for Plaintiff